119 N.J. Super. 186 (1972)
290 A.2d 739
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOVINO SOTO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 17, 1972.
Decided May 12, 1972.
*187 Before Judges SULLIVAN, LEONARD and CARTON.
Mr. Joel C. Rinsky, attorney for appellant.
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. R. Benjamin Cohen, Assistant Prosecutor, of counsel and on the brief).
PER CURIAM.
Defendant appeals his conviction on two indictments, one charging him with possession of lottery slips (N.J.S.A. 2A:121-3), and the other charging him with knowingly permitting his grocery store to be used for carrying on a lottery business (N.J.S.A. 2A:121-3(c)). Defendant was sentenced to six months in the Essex County Correction Center and fined $500 on the possession charge. He received a concurrent sentence of six months on the charge of owning a place where a lottery business was conducted.
We find no merit in the argument that the latter charge should have been dismissed because defendant was not the owner of the building. He was admittedly the proprietor of the grocery store and rented the premises where the lottery business was being conducted.
N.J.S.A. 2A:121-3(c) provides:
Any person who:

* * * * * * * *
c. Being the owner of a building or place where any business of lottery or lottery policy, so-called, is carried on knowingly, by himself or his agent, permits such premises to be so used is guilty of a misdemeanor. (Emphasis added).
*188 Although this provision is not a model of clarity, it is clear that the proscription against using premises for the purpose of a lottery business cannot be construed to be limited to apply only to the owner in fee of a building. The statute uses the term, "owner of a building," disjunctively with the term, "place." A tenant, who is the proprietor of a business, can fairly be said to be the "owner" of a place within the meaning of the statute.
The statute should be construed broadly in the light of the criminal activity it was designed to control and in accordance with the clear and long-standing comprehensive policy against unauthorized gambling. See State v. Puryear, 52 N.J. 81, 85 (1968). Any other interpretation of the statute would effectively emasculate it and subvert the legislative intent.
State v. Aiello, 91 N.J. Super. 457 (App. Div. 1966), certif. den. 48 N.J. 138 (1966), cert. den. 388 U.S. 913, 87 S.Ct. 2106, 18 L.Ed.2d 1351 (1967), is not to the contrary. In that case two co-defendants, Giuliano and Aiello, were convicted under this section of the statute. The record indicated that Aiello was the admitted owner of the premises, while Giuliano owned no interest therein. On these facts the court held that in no sense could Giuliano be said to be the owner of the building. In the case at bar, defendant has a leasehold interest in the building and owns the business conducted therein. Cf. State v. Puryear, supra where the Court indicated that an apartment was a "place" as that term is used in N.J.S.A. 2A:112-3. See also, State v. Rucker, 46 N.J. Super. 162, 169 (App. Div. 1957), certif. den. 25 N.J. 102 (1957), where the court construed N.J.S.A. 2A:121-3(b), a companion section to the one under consideration here.
Defendant also contends that, after defendant had requested an interpreter, the trial judge committed reversible error in expressing doubt, in the presence of the jury, as to defendant's need for such assistance. We find no substance to this argument. We note that the court, in fact, acceded *189 to defendant's request for the appointment of an interpreter. Although the remarks would have been better left unsaid, they were hardly of a character to constitute prejudicial error.
Affirmed.